UNITED STATES COURT OF CLAIMS
_____x

MEIR PERETZ,                                                                     COMPLAINT
          Plaintiff,
    -against-

UNITED STATES OF AMERICA.

         Defendant.
_____x

## 1. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 USC 1491. This Court has personal jurisdiction over Defendant IRS.

## 2. PARTIES

At all times hereinafter mentioned, Plaintiff, Meir Peretz was and is a citizen of Israel, who neither resided in the United States nor had any income subject to United States income tax. Annexed as Exhibit A is Plaintiff's Israeli passport.

At all times hereinafter mentioned, Defendant' agency, the Internal Revenue Service (hereinafter "IRS"), is a federal agency with offices in New York where the Plaintiff's brokerage account was maintained and has wrongfully and unlawfully withheld money from the plaintiff.

## 3. STATEMENT OF THE CLAIM

1. This is an action to recover backup withholding from gross proceeds of a sale of stock at a loss, that were erroneously transmitted to the IRS from the New York brokerage account of a non-resident alien, who, was and is not subject to backup withholding. As a non resident alien, Plaintiff was not required to file any tax returns. Furthermore, losses from sales of securities do not constitute income and therefore such losses are not subject to withholding.

2. As a condition to its returning Plaintiff's wrongfully withheld money, the IRS required that Plaintiff timely file a form 1040 and a form W-7 (request for social security number). A timely filing of the form 1040 with the fictitious Social security number 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 under which the monies were erroneously withheld by the brokerage house was made and accompanied by Form W-7. The IRS delayed processing the Form W-7 and failed to process the timely filed 1040 with the 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 number. The Form W-7 and 1040 were date stamped April 14, 2005 as timely received by the IRS within three years of any due date for a 2005 return. Then after the IRS finally issuing a temporary social security number in response to the timely W-7, a 1040 form was refiled with the temporarily assigned number, and the IRS proceeded to reject the subsequent filing as an untimely request for refund by Plaintiff. Plaintiff's appeal was rejected for the same reason. After exhausting all potential administrative remedies, Plaintiff has commenced

the instant action for relief and damages for the unlawful confiscation and withholding of its assets.

## STATEMENT OF FACTS

3. In 2005, Plaintiff maintained a brokerage account with Citicorp, Account Number 71G-07124-13. The brokerage account was clearly labeled as belonging to a foreign non-resident alien that was subject only to withholding on effectively connected income and not on capital losses.

4. Citicorp account statements listed an obviously fictitious social security number, to wit: 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 for the account of Plaintiff, despite Plaintiff, as a foreigner not having or needing a social security number. Annexed as **Exhibit B** is Citicorp brokerage statement listing 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 as social security number.

5. On April 27, 2000 Plaintiff purchased 10,000 shares of Intel Corporation at a price of $115.5 per share and 10,000 shares of Microsoft Corp. at a price of 66.125 per share for a total of $1,816,314. Annexed as **Exhibit C** are Plaintiff's Citicorp brokerage statements for the year 2000 showing the cost basis for the Microsoft and Intel stock that was subsequently sold at a loss.

6. On December 21, 2005 Plaintiff sold 12,736 shares of Intel Corp. at a price of 25.92 per share for $330,052 and 3,658 shares of Microsoft Crop. at a price of 26.76 per share for $97,859.73 for a total of $427,911. Annexed as **Exhibit D** are

the 2005 Citicorp brokerage statements showing the sale of Microsoft and Intel stock at a loss.

7. Plaintiff suffered a loss of $89.12 per share of Intel (12,736 shares) or $1,102,949 and $ 39.365 per share of Microsoft (3,658 shares) or $143,997 for a total loss of $1,246,946.

8. Notwithstanding Plaintiff's sale at a loss, Citicorp incorrectly reported the gross sales to the Internal Revenue Service on Form 1099B.

9. On December 27, 2005 Citicorp wrongfully and unlawfully withdrew $121,288 from Plaintiff's account representing $119,815 withheld from the $427,911 proceeds from the sale of the Intel and Microsoft stock and $1,472 dividend income from these stocks, without considering that there was no taxable income from the sale of the at a net loss of $1,246,046 loss. The money withdrawn was transmitted to the Internal Revenue Service as backup withholding despite the proceeds not being subject to tax under the Internal Revenue Code, since the stock sales resulted in a loss and Plaintiff in any event not being subject to United States tax or backup withholding, even if there had been a gain, rather than a loss. Annexed as Exhibit D are Citicorp brokerage statements showing the withholding and transmittal of loss proceeds that should not have been taxable.

10. Defendant's agency, the IRS, was aware that Plaintiff was not required to have a social security number and that Plaintiff was a foreigner who was not required to file tax returns, since Citicorp filed with the IRS a Form 1042-S US FOREIGN PERSON'S US SOURCE INCOME SUBJECT TO WITHHOLDING. See Form 1042-S filed with the IRS in 2005 that is annexed hereto as **Exhibit E**.

11. Since December 27, 2005, Defendant's agency, the Internal Revenue Service was wrongly, unlawfully and involuntarily withholding $121,288 that it refuses to return to Plaintiff.

12. Despite Plaintiff not being subject to income tax or backup withholding, the IRS demanded that Plaintiff file a tax return by no later than April 17, 2009, as a condition for the IRS to return the monies it was holding improperly or otherwise confiscated without any justification.

13. Plaintiff complied with the IRS demand by timely filing a Form 1040 for 2005 using the fictitious social security number 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 assigned by Citicorp, accompanied by a Form W-7 Application for IRS Individual Taxpayer Identification Number that was date stamped on April 14, 2009 as "RECEIVED 14503" by the IRS office at W & I –Field Assistance, Garden City, NY 11530 See April 14, 2009 IRS date stamped Form W-7 with attached 2005 Form 1040 annexed hereto as **Exhibit F**.

14. By letter dated October 1. 2009 the IRS acknowledged receiving "the 1040 tax return you submitted with your ITIN application," and that the IRS assigned a new tax ID # to expedite the processing, because the W-7 was rejected. Annexed hereto as **Exhibit G** is the October 1, 2009 IRS letter acknowledging timely receipt of the 1040 and that it would be processed.

15. The IRS did not process the 2005 1040 return timely filed on April 14, 2009 within three years of any due date, seeking a return of monies being withheld by the IRS.

16. The IRS rejected the Form W-7 filed by Plaintiff accompanied by the return filed April 14, 2009, for a mere technicality, to wit: Plaintiff did not fill in the box asking for the first passport entry date when Plaintiff visited the United States.

17. By letter dated August 25, 2010, Plaintiff's accountant resubmitted the W-7 form that the IRS rejected, with the missing box completed and resubmitted the 2005 1040 that was previously filed on April 14, 2009. Annexed hereto as **Exhibit H** is Plaintiff's accountant's cover letter resubmitting the corrected W-7 and resubmitting the 2005 1040.

18. By letter dated November 22, 2010, the IRS rejected and refused to process the resubmitted Form W-7 Application for IRS Individual Taxpayer Identification Number because it was not submitted within 45 days of the Notice CP-566

requesting additional information on the Form W-7. However, the IRS acknowledged that a valid U.S. federal tax return will be sent forward to be processed with a temporary IRS number. Annexed as **Exhibit I** is the IRS November 22, 2010 letter rejecting the Form W-7 but promising to process the Form 1040, without indicating whether it would be processing the first 1040 filed on April 14, 2009.

19.     On July 29, 2015, the IRS denied Plaintiff's claim for refund because it erroneously concluded that the claim was not made until more than three years after the tax return due date. The tax return due date for withholding on even profits made in 2005 would have been April 17, 2006 and three years later would have been April 17, 2009. The IRS recklessly overlooked that Plaintiff filed a timely 2005 1040 tax return with a W-7 that was date stamped by the IRS on April 14, 2009. Instead the IRS apparently processed the 2005 1040 resubmitted by the taxpayer's accountant that was not received until August 30, 2010. The IRS letter further instructed the taxpayer to file an appeal of its reckless erroneous failure to process Plaintiff's timely refund claim. Annexed hereto as **Exhibit J** is a copy of the IRS July 29, 2015 letter recklessly failing to consider Plaintiff's Form 1040 filed on April 14, 2009 that was timely to request a refund for backup withholding erroneously taken by the IRS in 2005.

20. On July 13, 2016, the IRS Appeals Office affirmed the reckless mistake of the IRS in determining that "The 2005 tax return was due on April 17, 2000 and was received on August 30, 2010. Since the claim was received more than 3 years after the due date, it must be denied." The IRS failed to considered the Form 1040 and W-7 that Plaintiff timely filed and had date stamped by the IRS on April 14, 2009 (**Exhibit F**) and the IRS letter dated October 1, 2009 from the IRS acknowledging having received Plaintiff's 2005 Form 1040 (**Exhibit G**). Instead considered only the 2005 Form 1040 that Plaintiff's accountant refiled on August 25, 2010 together with a corrected W-7 that the IRS had not received until August 30, 2010. On October 27, 2016 the IRS Appeals Office issued a final letter reconfirming its reckless mistaken determination that Plaintiff's claim was filed more than three years after the tax return due date and directed Plaintiff to file an appeal with this Court. Plaintiff has exhausted all remedies with the IRS without any consideration by the IRS of its 2005 1040 that the IRS time stamped as received on April 14, 2009, less than three years after the tax return due date. Annexed hereto as **Exhibit K** is the July 13, 2016 IRS notice that it refused to consider Plaintiff's 2005 1040 return as a timely request for refund because they do not acknowledge receiving the initial return prior to August 30, 2009, more than 3 years after the tax return due date of April 17, 20067, 2016 the IRS Appeals office

erroneously denied Plaintiff's appeal on the erroneous failure to process Plaintiff's return that was filed and stamped as received by the IRS on April 14, 2009.

21. Moreover, Plaintiff was wrongly advised by the IRS to file a tax return that Plaintiff was not required to file, since Plaintiff did not voluntarily make any tax payment and did not owe any tax. Not only did the IRS erroneously consider only the return Plaintiff's accountant resubmitted and that was not received by the IRS until August 30, 2010, but the IRS also erroneously applied a statute of limitations, contrary to longstanding court precedent distinguishing between seeking a refund of payment of tax that is subject to a statute of limitations and a remittance as a deposit that is not, *Rosenman v. United States*, 323 U.S. 658 (1945); *Risman v. C.I.R.*, 100 T.C. 191 (1993); *Harigill v. U.S.*, 297 F.Supp. 2d 909 (D.C.S.D. Miss. 2004); *Dowell v. C.I.R.*, T.C. Memo. 1980-515; *Huskins v. U.S.* 75 Fed.Cl. 659; 99 A.F.T.R.2d 2007-1728, 2007-1 USTC p60,538C. *A fortiori*, there should be no statute of limitations when the taxpayer did not even make a voluntary deposit, but instead had his monies involuntarily turned over to the IRS, despite the absence of even any potential tax liability.

22. The IRS has recklessly disregarded the provisions of the Internal Revenue Code by seeking to collect tax that is not due by imposing backup withholding on a foreigner who has no effectively connected income and is not even required to furnish a social security number and certainly should not be taxable on losses, and

then imposing unreasonable obstacles to the foreigner receiving a return of monies improperly withheld.

23. Plaintiff has exhausted any administrative remedies by filing a timely tax return seeking return of monies erroneously and improperly deposited with, and retained by the IRS and unsuccessfully seeking appellate review by the IRS appeals office of the erroneous adverse determination that Plaintiff's request for refund was untimely.

### 4. RELIEF

This Honorable Court should direct Defendant to return the $121,288 deposited with the IRS and misappropriated by the Defendant as of December 27, 2005, plus 9% pre and post judgment interest compounded annually as is applicable in New York State on a judgment for conversion, plus costs and attorney fees. Plaintiff should also be awarded damages pursuant to IRC 7433 for the reckless and intentional misconduct of the IRS in confiscating and retaining monies it illegally converted.

WHEREFORE, Plaintiff seeks a judgment against defendant in the amount of $121,288 principal plus $250,577 (as of December 31, 2018) or a total of $371,865 plus costs, expense and such other and further relief that this Court may determine is just and proper.

I declare under penalty of perjury that the foregoing statements are true and correct.

Signed this 23rd day of October, 2018.

                    Respectfully submitted,

                    Meir Peretz
                    Plaintiff
                    c/o 245 East 54th Street, 5M
                    New York, New York 10022